UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS SHEPPARD, : NO. 1:08-CV-00298
:
    Petitioner, :
:
    v. : **OPINION AND ORDER**
:
WARDEN, LEBANON CORRECTIONAL :
INSTITUTION, :
:
    Respondent. :
:

This matter is before the Court on the Magistrate Judge's September 29, 2009 Report and Recommendation (doc. 17), and Petitioner's Objection (doc. 21). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus.

## I. Background

Petitioner Thomas Sheppard, an inmate in state custody at Lebanon Correctional Institution in Lebanon, Ohio, filed a pro se petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 3). On January 9, 2006, a jury found Petitioner guilty of aggravated burglary, kidnapping, theft and receiving stolen property, and he was sentenced to a total of fifteen years in prison (Id.). Petitioner filed a timely appeal with the First District Court of Appeals and a subsequent appeal with the Ohio Supreme Court, each on the grounds that the aggravated burglary and

kidnapping counts should have been merged as offenses of similar import; his convictions were not supported by sufficient evidence, were contrary to law and against the manifest weight of the evidence; the trial court erred by denying his motions for a continuance and new counsel; and the trial court erred by running his sentences consecutively (Id.). In his petition before this Court, Petitioner raises those same grounds as well as the following additional grounds, which he alleged in an application to the Ohio Court of Appeals for reopening of his direct appeal: prosecutorial misconduct, denial of full and fair discovery and ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution; ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel claim and other constitutional claims; and denial of due process rights on the bases that the prosecution failed to sustain its burden of proof and that the trial court impermissibly enhanced his sentence beyond the statutory minimum (Id.).

## II. The Magistrate Judge's Report and Recommendation

The Magistrate Judge's Report and Recommendation is thorough and detailed, and the Court will not reiterate it in its entirety. A brief summary follows. The Magistrate Judge found that Petitioner is not entitled to relief on his claim that the

burglary and kidnapping charges should have been merged because, as a preliminary and dispositive matter, Petitioner's claim is an allegation that the trial court erred under Ohio law (doc. 17). The Magistrate Judge concluded that the Court, therefore, has no jurisdiction with respect to that claim because the federal courts may only review state prisoner's petition on grounds that the confinement at issue violates the Constitution, laws or treaties of the United States and not on the basis of an error of state law (Id., citing 28 U.S.C. §2254(a); Pulley v. Harris, 465 U.S. 37, 41 (1984)). Because Petitioner did not present a federal constitutional claim to the Ohio courts, the Magistrate Judge opined that he waived any such claim on this ground here (Id.). However, the Magistrate Judge nonetheless engaged in an analysis of such a claim and found that it would not entitle Petitioner to habeas relief because, inter alia, the Ohio Supreme Court has held that kidnapping and aggravated burglary are not, as a matter of law, crimes of similar import (Id., citing, inter alia, State v. Waddy, 588 N.E.2d 819, 837 (Ohio 1992)).

The Magistrate Judge also found that Petitioner is not entitled to relief on the basis of insufficient evidence, because, among other reasons, sufficient evidence had been presented to allow a rational jury to reach its verdict (Id., citing, inter alia, Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Petitioner's against-the-manifest-weight-of-the-evidence claim fails, according to the Magistrate Judge, because it is based on an assertion of

3

Ohio law error only and is thus not cognizable in a federal habeas review (Id., citing, inter alia, Tibbs v. Florida, 457 U.S. 31, 41-47 (1982)). Regarding Petitioner's claim that the trial court erred in denying his request for a continuance on the day of trial, the Magistrate Judge found that the trial court had not acted arbitrarily (Id., citing, inter alia, Morris v. Slappy, 461 U.S. 1, 11 (1983)). With respect to Petitioner's claim that the court erred in denying his request for new counsel, the Magistrate Judge found that the court's decision was reasonable under the circumstances and Petitioner's Sixth Amendment right to counsel was not violated (Id., citing, inter alia, Morris, 461 U.S. 1).

The Magistrate Judge further found without merit Petitioner's claim that the court erred in imposing consecutive sentences (Id., citing, inter alia, Blakely v. Washington, 542 U.S. 296 (2004)). In addition, the Magistrate Judge found that Petitioner had procedurally defaulted on his claims of prosecutorial misconduct and sentencing errors in violation of Blakely, which were alleged for the first time in his application to the Ohio Court of Appeals for reopening of his direct appeal (Id.). Further, the Magistrate Judge found that Petitioner could not succeed in an ineffective assistance of counsel claim as a mechanism to have those procedurally-defaulted claims heard by the Court because there was no merit to the underlying claims (Id.). Regarding Petitioner's ineffective assistance of counsel claims based on allegations that Petitioner was denied full and fair

discovery, that his trial counsel failed to interview or call alibi witnesses, and that his appellate counsel was ineffective in failing to raise a claim that his trial counsel failed to object to the exclusion of African Americans from the jury, the Magistrate Judge found that the claims were either waived and/or they lacked support in the record (Id.). Finally, regarding Petitioner's claim that his appellate counsel was ineffective because she failed to "present and argue the federal constitutional theory" of each of the assignments of error Petitioner raised in his direct appeal, the Magistrate Judge found that his counsel was not ineffective for a failure to present meritless constitutional theories on direct appeal (Id., citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).

Finding no merit to any of Petitioner's claims, the Magistrate Judge recommended that this Court deny the petition, not issue a certificate of appealability, certify that an appeal would not be taken in good faith, and deny Petitioner leave to appeal in forma pauperis (Id.).

### III. Petitioner's Objections

Petitioner specifically objects only to the Magistrate Judge's recommendation regarding the merger of the aggravated burglary and kidnapping charges; the sufficiency of the evidence; and the denial of Petitioner's request for a continuance (doc. 21). However, Petitioner also summarily states that because his case was pending on direct appeal at the time the Ohio Supreme Court issued

its decision in Foster, he is entitled to re-sentencing, (id.), which statement the Court construes as an objection to the Magistrate Judge's recommendation with respect to Petitioner's claim that he was denied due process when the trial court sentenced him to non-minimum prison terms without jury determination of facts used to make that sentence enhancement. Finally, Petitioner states that he does not object to the Magistrate Judge's determinations regarding his other grounds for relief, but he does object to a denial of a certificate of appealability (Id.).

To support his objection regarding the merger of the aggravated burglary and kidnapping charges, Petitioner essentially reiterates the arguments he made in his petition and in his reply to the Warden's return of writ (docs. 3, 16, 21). Specifically, Petitioner asserts that the kidnapping and burglary charges are allied charges of similar import and that they were not committed with separate animus (doc. 21, citing State v. Rance, 710 N.E.2d 699 (Ohio 1999); State v. Cabrales, 886 N.E.2d 181 (Ohio 2008)). Petitioner contends that the Magistrate Judge inappropriately relied on Rance to make a determination that the two offenses were not allied offenses and that Cabrales requires a finding that no separate animus existed (Id.). Essentially, Petitioner argues that the Magistrate Judge could only have reached his conclusion by engaging in a strict textual comparison of the burglary and kidnapping statutes, an approach he contends Cabrales prohibits as being an "overly narrow view of the Rance comparison test" (Id.).

6

Regarding the sufficiency of the evidence, Petitioner contends, as he did originally, that the jury "clearly lost its way, which created a manifest miscarriage of justice," and for support Petitioner offers his critique of the state's only witness, the victim of the crimes for which Petitioner was convicted (Id.). As additional support, Petitioner contends that because the robbery charge was the "core crime," and because he was acquitted of that charge, the remaining charges cannot be sustained because "no reasonable jury could find beyond a reasonable doubt [that Petitioner] was guilty of anything, if they could not agree that he was guilty of...robbery" (Id.).

As to the denial of his continuance request, Petitioner asserts that the trial court erred in its ruling and that the Magistrate Judge similarly erred in his determination regarding that ground for relief (Id.). For support, Petitioner reiterates his arguments made earlier, which amount to a statement of the applicable law and an assertion that he should have been granted his continuance because it was his first continuance request and the state's request for a continuance had earlier been granted Id.).

Beyond his bare assertion that he is entitled to have his case sent back for re-sentencing based on Foster, Petitioner offers no evidence or support for his objection to the Magistrate Judge's recommendation regarding Petitioner's Blakely claim (Id.).

**IV. Discussion**

7

Because Petitioner specifically objected only to the merger of charges, sufficiency of the evidence, and the denial of the continuance grounds, the Court is obligated to review only those issues de novo. 28 U.S.C. §636(b). Petitioner's statement regarding his belief that he is entitled to re-sentencing does not clearly appear to be an objection to a specific portion of the Magistrate Judge's recommendation, and the Court is under no obligation to review de novo objections that are merely perfunctory or an attempt to engage the Court in a rehashing of the same arguments set forth in the original petition. See, e.g., Edwards v. Fischer, 414 F.Supp.2d 342, 346-47 (S.D. Ny. 2006). Nonetheless, out of an abundance of caution, the Court will review the Blakely issue de novo. As to the remaining issues presented in the petition, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the Magistrate Judge's recommendation. See Advisory Committee Notes to Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140, 150(1985)("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

### A. Merger

Petitioner offers nothing to refute the Magistrate Judge's conclusion that this Court has no jurisdiction to hear his claim regarding the merger of offenses, and, in its own analysis,

8

the Court finds nothing to call that conclusion into question. However, even if that claim were properly before the Court, the Magistrate Judge's ultimate determination that sentencing Petitioner for both the kidnapping and the burglary charges was not violative of the Constitution's double jeopardy clause is well-supported, well-reasoned and correct.

As the Magistrate Judge noted, Cabrales did not overrule the Ohio Supreme Court's prior decisions explicitly holding that aggravated burglary and kidnapping are not allied offenses of similar import when viewed in the abstract. See, e.g., Waddy, 588 N.E.2d at 837. Petitioner has offered nothing to suggest that Waddy, for example, improperly decided the merger issue or that Rance or Cabrales or any other case affected Waddy's holding regarding this issue. As the Magistrate Judge correctly observed, the Court must defer to the state's highest court's pronouncement on this (doc. 17, citing Hicks v. Feiock, 485 U.S. 624 (1988)). The state's highest court has spoken on this issue, and has found that the two statutes are not of similar import. Petitioner ignores this authority but implies that such a finding requires a strict textual comparison of the statutes in violation of Rance and Cabrales (doc. 21). The Court does not find Petitioner's implication well taken. Nothing in Waddy's rationale and holding regarding the dissimilarity of the statutes suggests that either the Ohio courts or the Magistrate Judge engaged in an inappropriately narrow application of Rance. Petitioner's bare

9

assertions that the two statutes are of similar import and that no separate animus existed (doc. 21, stating, e.g., with no reasoning or legal support, "Because the Kidnapping and Burglary charges are allied as charged, offenses of similar import..."), are similarly unavailing. Such assertions and conclusory allegations simply do not serve to prove that the Ohio courts violated Petitioner's constitutional rights when he was sentenced for both aggravated burglary and kidnapping. To the extent the Court has jurisdiction to hear this claim, the Court finds that it fails.

## B. Sufficiency of the Evidence

Regarding the sufficiency of the evidence upon which the jury convicted Petitioner, Petitioner rests his objection, as he did earlier in his petition, on an assertion that robbery was the core crime with which he was charged and argues that the jury could not have simultaneously acquitted him of robbery and found him guilty of the remaining charges (doc. 21). That the jury did nonetheless find him guilty is evidence, Petitioner contends, of the jury having misunderstood and incorrectly applied the law (Id.).

To assess the sufficiency of the evidence at this stage, the Court asks "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. It is for the jury, not the Court and not Petitioner, to weigh testimony, assess credibility,

and draw reasonable inferences from the evidence. Id. To the extent Petitioner's claim rests on his contention that the state's only witness was not credible, it fails under Jackson, as this Court must resolve all credibility disputes in favor of the prosecution. Id. To the extent Petitioner's claim rests on his theory that a robbery acquittal necessitates an acquittal on the remaining charges, it fails as a matter of Ohio law. First, no authority supports either his assertion that robbery was the "core crime" or his theory that no reasonable jury could simultaneously find him not guilty robbery but guilty of the remaining charges. Second, aggravated robbery in Ohio requires that the state prove that the accused inflicted or attempted to inflict "serious physical harm on another" in connection with a theft. Ohio Rev. Code §2911.01(A)(3). None of the other charges for which Petitioner was convicted requires that element. See, e.g., Ohio Rev. Code §2911.11(A)(1) (aggravated burglary: "No person, by force, stealth, or deception, shall trespass in an occupied structure with purpose to commit...any criminal offense, if...the offender inflicts, or attempts or threatens to inflict physical harm on another"); Ohio Rev. Code §2905.01(A)(2) (kidnapping: "No person, by force, threat, or deception...shall remove another from the place where the other person is found or restrain the liberty of another person...to facilitate the commission of any felony or flight thereafter"). A jury could rationally and reasonably have found that Petitioner's conduct, while violative of other Ohio

11

laws, did not rise to the level required for an aggravated robbery conviction. In short, the jury's verdict was supported by sufficient evidence.

Petitioner's sufficiency of the evidence claim thus does not entitle him to habeas relief.

**C.  Continuance**

Petitioner appears to rely on state law for his claim that the trial judge erred in not granting his request for a continuance. To the extent he alleges state law error, this claim is not cognizable here. 28 U.S.C. §2254(a). To the extent he alleges a violation of federal law, the Court must determine if the circumstances of the denial were such that the trial judge acted so arbitrarily as to violate the due process guarantees of the federal Constitution. See Foley v. Parker, 488 F.3d 377, 389 (6th Cir. 2007).

The Court notes that Petitioner is now alleging before this Court that he requested a continuance so that he could secure new counsel and claims that the denial of the continuance left him with ineffective counsel (doc. 21). The Court, however, has reviewed the state transcript and notes that this was <u>not</u> the actual basis for Petitioner's request for a continuance. Instead, Petitioner requested a continuance because he alleged that certain witnesses were unavailable. The trial court engaged in a discussion with Petitioner about the reasons for the unavailability of those witnesses and reached the conclusion that Petitioner

himself was responsible for them not being present for trial. Weighing the fact that Petitioner was responsible for the very reason he sought to use as a basis for a continuance against concerns for the victim's health and safety and the inconvenience to the other witnesses if a continuance were granted, the trial court denied the continuance. In addition, Petitioner asserts that the trial court erred because the state was granted a continuance and he was not. Putting aside the fact that such an assertion is not a per se ground for a continuance, the Court notes that the state was granted a continuance because the victim was in the hospital undergoing surgery at the time the trial was originally scheduled. Petitioner's implication that his failure to convey witness information to his counsel in a timely fashion such that those witnesses could be available for trial is somehow equivalent to the victim being hospitalized for surgery is not well taken. This Court finds that the trial court's decision was reasonable under the circumstances and was not arbitrary in any way, let alone so arbitrary as to constitute a deprivation of due process under the federal Constitution. See Ungar v. Sarafite, 376 U.S. 575, 590 (1964).

### D. Blakely

Petitioner states that he is entitled to re-sentencing because his direct appeal was pending at the time the Ohio Supreme Court decided Foster (doc. 21). However, Petitioner offers no support for this assertion, nor does he refute the analysis

13

presented by the Magistrate Judge. In addition, Petitioner does not address the Magistrate Judge's finding that this claim was procedurally defaulted. Nonetheless, the Court has reviewed Petitioner's Blakely claim de novo and finds that he was not sentenced in such a way as to require a re-sentencing under Foster and Blakely and, as a result, Petitioner's appellate counsel was not ineffective in raising this issue on appeal.

As an initial matter, Petitioner's Blakely claim is procedurally defaulted because he raised it for the first time in his application for reopening of the appeal as an example of his allegation of ineffective assistance of appellate counsel. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). However, ineffective assistance of counsel can, in certain circumstances, be "cause" for procedural default such that an otherwise defaulted claim may be heard by this Court. See Murray v. Carrier, 477 U.S. 478, 488 (1986). In order to ascertain whether Petitioner's appellate counsel was ineffective in this area, the Court must first determine the merits of his Blakely claim.

In State v. Foster, 845 N.E.2d 470 (Ohio 2006), the court found unconstitutional as violative of Blakely components of Ohio's adult sentencing scheme because judges were required to make specific factual findings before sentencing, beyond those facts presumed by jury verdict. Foster, 845 N.E.2d at 489; Blakely, 542 U.S. 296. Foster therefore allows for re-sentencing under some circumstances. However, it does not require re-sentencing under

14

the circumstances present here. Blakely and Foster were each outgrowths of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi held, inter alia, that the Sixth Amendment right to a jury trial extends to sentencing determinations and that such right, combined with the due process requirements of the Fourteenth Amendment, requires that a jury determine beyond a reasonable doubt any fact used to increase a sentence above the statutory maximum. Id. at 490. Notably, however, Apprendi carved out an exception to this rule: the fact of a prior conviction need not be found by the jury. Id. Consequently, a judge may rely on such a fact to increase a sentence beyond the statutory maximum. Blakely, 542 U.S. at 303-04; Parker v. Moore, 2008 WL 2323780 (S.D. Ohio 2008).

Here, the trial judge explicitly relied heavily on Petitioner's prior criminal record in reaching the sentence imposed, finding his lengthy criminal record indicative of him being a danger to society and not being amenable to community control. Consequently, Petitioner's Blakely/Foster claim fails and Petitioner is not entitled to a re-sentencing. See, e.g., White v. Moore, 2008 WL 4425911 )(S.D. Ohio 2008)(no Blakely violation where judge based sentence in part on defendant's prior convictions because that fact need not go before the jury per Blakely). As a result, Petitioner's appellate counsel cannot be found ineffective in this area, and the claim remains procedurally defaulted.

**V. Conclusion**

Having reviewed this matter thoroughly, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct. The Court has engaged in a de novo review of those issues to which Petitioner specifically objected and agrees with the Magistrate Judge's conclusions. Further, the Court finds no clear error in the record regarding the remaining issues. For the aforementioned reasons, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 17), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 3). The Court also DECLINES to issue a certificate of appealability with respect to any of Petitioner's grounds for relief, because a jurist of reason would not find it debatable whether this Court is correct in its procedural rulings and because Petitioner has failed to make a substantial showing of the denial of a constitutional right and the issues presented are not adequate to deserve encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 475, 484-85 (2000); 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b). Finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED.

SO ORDERED.
Dated: 3/25/12

S. Arthur Spiegel
United States Senior District Judge