# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

THOMAS SHEPPARD,

               Petitioner,        :      Case No. 1:08-cv-00298

    - vs -                                 District Judge S. Arthur Spiegel
                                          Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,

                                               :

               Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Thomas Sheppard to obtain relief from his conviction in the Hamilton County Common Pleas Court on counts of aggravated burglary, kidnapping, theft of a motor vehicle, and receiving stolen property (Report and Recommendation, Doc. No. 17, PageID 995 (the "Report")). Then Magistrate Judge Timothy Black recommended the Petition be dismissed with prejudice and Sheppard be denied a certificate of appealability. *Id.* at PageID 1035-36. District Judge Spiegel adopted that Report (Doc. No. 22). The Sixth Circuit also denied a certificate of appealability and judgment became final on April 13, 2011 (Doc. No. 31).

On November 14, 2014, Sheppard filed his instant Motion for Relief from Judgment (Doc. No. 32). Given Judge Black's promotion to District Judge, Judge Spiegel has transferred the reference to the undersigned and referred the Motion for Report and Recommendation (Doc. No. 33).

Sheppard brings the Motion under Fed. R. Civ. P. 60(b)(4), (5), and (6). Those Rules

1

provide:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

In his First Ground for Relief in the prior Petition, Sheppard complained that he had been sentenced consecutively for aggravated burglary and kidnapping when these were allied offenses of similar import as provide in Ohio Revised Code § 2941.25. Judge Black treated this as a Double Jeopardy claim, but noted that multiple punishments for a single course of conduct do not violate Double Jeopardy if that is what the state legislature intended (Report, Doc. No. 17, PageID 1004). He concluded that this federal habeas court "must defer to the Supreme Court of Ohio's clear pronouncement that as a matter of state statutory law, aggravated burglary and kidnapping are not allied offenses of similar import." *Id.* at PageID 1007.

In reaching the conclusion that there was not a violation of Ohio Revised Code § 2941.25, the First District Court of Appeals applied *State v. Rance*, 85 Ohio St. 3d 632 (1999). Sheppard argues that *Rance* has now been overruled by *State v. Johnson*, 128 Ohio St. 3d 153 (2010). This Court agrees that is a correct reading of *Johnson*. The question is what impact that has or should have on the final judgment in this case.

2

**Second or Successive Habeas Petition?**

As a threshold matter,[1] the Court must decide if the instant Motion constitutes a second or successive habeas corpus petition; if it does, it must be transferred to the Sixth Circuit Court of Appeals where Sheppard might seek permission to proceed under 28 U.S.C. § 2244(b).

Sheppard asserts the Motion is not a second or successive habeas petition because it qualifies under *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In that case the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. *Gonzalez* involved an attack on the district court's prior statute of limitations decision on the basis of later Supreme Court law. The Supreme Court held this was a proper use of Rule 60(b) and the district court could reach the motion on the merits without precertification by the Court of Appeals.

In his Motion, Sheppard pleads the following grounds for relief, labeled as such:

>**First Ground for Relief:**
>
>Sheppard has a due process right to have the correct definition of ORC § 2941.25(a) through the 2010 *Johnson* decision retrospectively applied to his case in accord with the principles set forth in *Fiore, Bunkley,* and *Agee*.
>
>**Second Ground for Relief:**
>
>The application of *Ali v. State of Ohio* violates the Supremacy, Due Process and Equal Protection Clauses of the United States Constitution because said case directly conflicts with *Fiore*, *Bunkley* and *Agee*.
>
>**Third Ground for Relief:**

---

[1] This is a threshold question because a district court does not have jurisdiction over a second or successive habeas petition without prior certification from the circuit court of appeals. *Burton v. Stewart*, 549 U.S. 147 (2007).

>Any application of *res judicata* to a claim/issue that could not be foreseen violates due process.
>
>**Fourth Ground for Relief:**
>
>ORC § 2953.23(A)(1)(a)&(b) is unconstitutional upon its face and as applied because it contains no provision to bring a collateral challenge in accord with the principles set forth in *Fiore*, *Bunkley* and *Agee* and cannot serve as an adequate State corrective process for such styled claims.
>
>**Fifth Ground for Relief:**
>
>A retrospective application of the definitional correction of ORC § 2941.25(A) by the 2010 *Johnson* decision establishes that Sheppard's multiple convictions and consecutive sentences for kidnapping and aggravated burglary are in violation of the Double Jeopardy Clause.

(Motion, Doc. No. 32, PageID 1104, 1106, 1110, 1111, and 1113.)

Each of these five grounds for relief raises a new constitutional claim about why the underlying criminal judgment on which Sheppard is confined should be set aside. None of them claim this Court made an error in its prior judgment based on its having misread the law. Instead, they attack the same state court judgment on the basis of new claims about its validity.

Therefore the instant Motion to Vacate does not qualify under *Gonzalez v. Crosby*, *supra*, but constitutes a new set of claims on which Sheppard must have certification from the Sixth Circuit. It is therefore respectfully recommended that the instant Motion be TRANSFERRED to the Sixth Circuit Court of Appeals for consideration under 28 U.S.C. § 2244(b).

November 20, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).